UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

COURTNEY BALTIMORE                                          PETITIONER

v.                                                                Civil Action No. 3:19-CV-00049-JRW-RSE

KEVIN MAZZA, Warden                                                  RESPONDENT

## ORDER

This Court:

1. **OVERRULES** Baltimore's Objections (DN 20);

2. **ADOPTS** Magistrate Judge Edwards's Findings of Fact, Conclusions of Law, and Recommendation in its entirety (DN 16);

3. **DENIES** Baltimore's petition for Habeas Corpus under 28 U.S.C. § 2254; and

4. **DENIES** a Certificate of Appealability.

## OPINION

In 2010, Courtney Baltimore murdered Andre Jackson.[1]  After unsuccessfully challenging his state court conviction on direct appeal[2] and state collateral review,[3] Baltimore filed this federal habeas petition.[4]

---

[1] DN 11-2 at #152, 188.
[2] *Id*. at #187-201.
[3] *Id*. at #263-272.
[4] DN 1; *See* 28 U.S.C. § 2254.

Magistrate Judge Regina Edwards carefully considered Baltimore's petition and issued a Report containing her Findings of Fact, Conclusion of Law, and Recommendation.[5] The Report recommended denying Baltimore's petition. Baltimore filed seven objections to the Report.[6]

After conducting a de novo review of the seven issues raised in his objections, the Court finds that Baltimore's objections lack merit.

\*     \*     \*

Under the Antiterrorism and Effective Death Penalty Act, a federal court cannot provide habeas relief unless the state court's adjudication of petitioners claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[7] In other words, a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."[8]

Each of Baltimore's objections are "reiterations of arguments set forth in his petition,"[9] and analyzing their merits requires nothing beyond what Judge Edwards has already said.

(1) Baltimore argues there was insufficient evidence to convict him. He objects to Judge Edwards's conclusion that "sufficient evidence exists to support the trial court's denial of a

---

[5] DN 16.
[6] DN 20.
[7] 28 U.S.C. § 2254(d).
[8] *Williams v. Taylor*, 529 U.S. 362, 411 (2000).
[9] *Noland v. Crews*, No. 3:11-CV-195-CRS, 2013 U.S. Dist. LEXIS 171361, at *1-2 (W.D.Ky. Dec. 5, 2013).

directed verdict."[10] Under AEDPA's deferential standard – or any standard – Judge Edward's conclusion is correct. Six eyewitnesses testified that Baltimore shot Jackson.[11]

(2) Baltimore argues the trial court should have struck two jurors for cause. He objects to Judge Edwards's conclusion that under AEDPA's deferential constraints, the Kentucky Supreme Court was "consistent with clearly established law" when it held the trial court did not err in failing to strike the jurors for cause.[12] That conclusion is correct. Nothing in the jurors' "voir dire testimony indicates that either juror would have rejected Baltimore's presumption of innocence or would be unable to faithfully and impartially apply the law."[13]

(3) Baltimore argues that the Kentucky Supreme Court erred when it held the unconstitutional admission of Baltimore's statements to the police was harmless error. He objects to Judge Edwards's conclusion that the Kentucky Supreme Court's determination "was a reasonable application of *Chapman* and *Brecht*."[14] That conclusion is correct. Baltimore's statements to the police were "not incriminating," and "the other record evidence from trial of Baltimore's guilt was overwhelming."[15]

(4) Baltimore argues the trial court should have instructed the jury on manslaughter. He objects to Judge Edwards's conclusion that "the Kentucky Supreme Court's holding that the trial court properly denied Baltimore's request for instructions on lesser included offenses is not contrary to or an unreasonable application of federal law."[16] That conclusion is correct. A

---

[10] DN 16 at #298.
[11] *See Jackson v. Virginia*, 443 U.S. 307 (1979).
[12] DN 16 at #301.
[13] *Id*. at #300.
[14] *Id*. at #305; *see also Chapman v. California,* 386 U.S. 18 (1967); *Brecht v. Abrahamson*, 507 U.S. 619 (1993).
[15] DN 16 at #304.
[16] DN 16 at #307.

manslaughter instruction is not appropriate when, as the Kentucky Supreme Court found, "[t]he only evidence concerning the shooting was that [Baltimore] engaged in an unarmed fight with Jackson, accepted a gun from someone in the crowd and then pointed the gun at the victim's chest and shot him at close range." [17]

(5) Baltimore argues his trial counsel was ineffective with regard to an alibi defense, although it's not clear whether Baltimore faults his counsel for putting on an alibi defense or for not calling alibi witnesses to support that defense. In his petition and in his objections, he says both. Regardless, Judge Edwards concluded that "Baltimore does not prove the Kentucky Court of Appeals' decision was contrary to or an unreasonable application of *Strickland*."[18] That conclusion is correct. As Judge Edwards reasoned regarding the witnesses Baltimore says his counsel should have called, "Baltimore doesn't name these potential witnesses, prove that they were present at the shooting or with Baltimore elsewhere that night, or submit affidavits or what their testimony would have been at trial. Additionally, Baltimore cannot prove that had his counsel pursued an alternate trial strategy, the result of his trial would have been different."[19] And again, the trial had six eyewitnesses.

(6) Baltimore argues his trial counsel should have hired a ballistics expert. He objects to Judge Edwards's conclusion that "Baltimore's vague assertions as to what such a ballistics expert could have presented are not persuasive."[20] That conclusion is correct. It was reasonable for trial counsel to not call a ballistics expert when six eyewitnesses testified the defendant shot the victim

---

[17] *Baltimore v. Kentucky*, No. 2012-SC-000522, 2013 WL 6730040, at *6 (Ky. Dec. 19, 2013); *see also* DN 16 at #306.
[18] DN 16 at #310. *See also Strickland v. Washington*, 466 U.S. 668 (1984).
[19] DN 16 at #310.
[20] *Id*. at #311.

in the chest at close range. And, in light of those eyewitnesses, it is not reasonably probable any expert would have changed the result of the trial.

(7) Last, Baltimore argues his trial counsel should have objected to a jury instruction that combined his right not to testify with the presumption of innocence. He objects to Judge Edwards's conclusion that because "the instruction did not contain an incorrect statement of law, Baltimore cannot establish either prong of the *Strickland* standard."[21] That conclusion is correct. The substance of the combined instruction was correct, and no Supreme Court decision requires two separate instructions.

*   *   *

Baltimore's objections lack merit. Baltimore is not entitled to a Certificate of Appealability because no reasonable jurist would find the question presented to be debatable.[22]

*Justin R Walker, District Judge*
United States District Court

August 24, 2020

---

[21] *Id.* at #312.
[22] *See Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000); *see also Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020) (Thapar, J.) ("In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect.").